J-S11017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MELISSA PRENTICE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHUAYB GREENAWAY | : | |
| | : | |
| Appellant | : | No. 2630 EDA 2023 |

Appeal from the Order Entered September 14, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  0C1213453

BEFORE:   BOWES, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JUNE 7, 2024**

Shuayb Greenaway ("Father") appeals *pro se* from the order modifying the custody of N.G. ("Child"). We affirm.

Father and Melissa Prentice ("Mother") are parents of Child. In August 2015, Father filed a complaint for custody of child, and the parties entered into an agreement for shared legal custody. Mother had primary physical custody, and Father had partial custody every other weekend.

Before Mother filed the subject petition to modify, there were several prior petitions to modify. The first was in February 2017. Before the court ruled on that petition, in September 2017, Father filed a petition for contempt and a motion for expedited relief. In October 2017, the court ruled that Mother and Father would continue to share legal custody. It further held that they

---

[*] Retired Senior Judge assigned to the Superior Court.

would keep each other informed of major educational, medical, and religious issues, and both would be entitled to obtain school, medical, and dental records and to attend appointments. However, it directed that "Mother shall have the sole authority to make decisions regarding school." Order, dated Oct. 6, 2017. The order also granted the School District of Philadelphia's request to re-evaluate Child without Father's signature and permitted Child to undergo a psychoeducational evaluation to determine whether he needed an individualized education plan. *Id.*

Approximately 14 months later, in April 2018, Mother filed a petition for contempt. In July 2018, Father filed a counter-petition for contempt and expedited relief. The petitions were resolved by an agreement entered in August 2018, whereby the parties would share legal custody.

In September 2021, Mother moved to modify custody. Father filed a notice of intent to serve subpoenas to produce documents. Mother moved to quash the subpoenas, and the trial court quashed them in March 2022. The court dismissed the petition to modify in April 2022 due to lack of prosecution.

Mother then filed the instant petition to modify in October 2022. She alleged the custody order was not working and requested sole physical and legal custody of Child. She also petitioned for contempt, alleging Father was not complying with the existing order. Father filed objections to the petitions.

In January 2023, the court resolved Mother's petition for contempt and scheduled a hearing before a hearing officer for Mother's petition to modify. After a hearing, in April 2023, the court overruled Father's preliminary

objections to Mother's petition to modify custody and dismissed as moot his preliminary objections to the contempt petition. Order, dated Apr. 20, 2023. The order noted that a custody hearing had been scheduled.

At a hearing on Mother's petition to modify, in September 2023, Father requested a continuance to conduct discovery.[1] The court explained to Father that there was no discovery in custody cases unless ordered by the court. The court stated that because the court had not granted Father leave to conduct discovery, he could not serve subpoenas. N.T. at 5-9.

Mother stated that Child was "having a hard time with dad" and that Child said Father "has cursed at him." *Id.* at 29. The cursing occurred in March 2023 – the last time Child saw Father – during an in-person visit, as well as over the phone. *Id.* at 29-31. Father said that he had not been exercising custody because Mother had told Child about the court proceedings, and Child did not want to visit with Father. *Id.* at 48. Mother stated she did not think Child would go with Father at this point. *Id.* at 62.

Mother further stated that they have "been trying to get [Child] evaluated [for an IEP] for quite some time but the only person that is obstructing it is [Father]. I have so much paperwork saying that we've been trying to get him reevaluated and I can't because I always have to wait for

---

[1] The hearing begins with the court stating it would now discuss Father's request. N.T., Sept. 12, 2023, at 4. In its order addressing Father's motion file a supplement certified record, the court states Father had requested a continuance due to his inability to serve subpoenas. Order, dated Feb. 8, 2024, at 2.

[Father]. It's been four years. Four years. He needs help." *Id.* at 43. She submitted emails where she states that Father has not responded to requests for evaluation by CHOP. *Id.* at 59-60. Father stated on the record that he did not object to having Child evaluated for autism. *Id.* at 62.[2]

The court awarded Mother primary custody of Child and Father had partial custody every other weekend. It also ordered that "Father is not to use profanity in front of the child during his custodial time." Order, dated Sept. 14, 2023. It further ordered that Father was to attend family reconciliation therapy with Child. In addition, the court ordered that Mother and Father would share legal custody, except that Mother would have sole authority as to educational, evaluation, and placement decisions:

> Mother shall have sole legal custody of the child as to decisions concerning the child's education, evaluation, and placement. Father shall be welcome at all IEP meetings and may contact the school, but Mother may solely sign all permission forms and all IEP forms for the Child's placement and education. Mother may also sign any forms required for evaluation of the Child at CHOP for autism or any other suspected educational, emotional, or physical impediment to learning for which the child may need evaluation. Both Mother and Father are to be provided all results of these evaluations and protocols, but Father may not interfere with the execution of same.

*Id.*

Father appealed, and the trial court directed him to submit a Pa.R.A.P. 1925(b) statement of matters complained of on appeal. Father filed a 54-page statement.

_____

[2] The court also spoke with Child.

Father filed a motion for the trial court to file a certified supplemental record. The trial court denied the motion in part and granted it in part. Order, dated Feb. 8, 2024. It found that Father did not file a motion to permit discovery in the custody action and it therefore denied the request to add "voluminous discovery" to the record. ***Id.*** The court noted that it had left the record open after the hearing but set a deadline for Father to submit evidence and exhibits. ***Id.*** It therefore supplemented the record with the three exhibits Father submitted before that deadline. ***Id.***

The statement of questions involved in Father's brief asserts:

> The specific instances from the transcript '***Shuayb Greenaway V. Melissa Prentice*** 9-12-23.pdf' where the judge's actions suggest a potential shift in the burden of proof to the father and an advocacy for the mother's position without clear evidence are as follows:
>
> 1. The judge questions the father about his understanding of the need for a court order to conduct discovery in custody matters, emphasizing that discovery requires court authorization and that the father had withdrawn previous subpoenas. This line of questioning could be seen as probing beyond the initial scope of the petition (Hearing September 12, 2023, Page 5-8).
>
> 2. The judge insists on whether the father had an order granting discovery in a custody matter, focusing on procedural aspects that challenge the father's attempts to obtain evidence (Hearing September 12, 2023, Page 5-8).
>
> 3. The judge discusses the mother's petition filed on October 19, 2022, which stated that the existing order was not working and requested modification to sole physical and legal custody. The judge does not appear to base this discussion on evidence presented at that point but rather on the petition's claims (Hearing September 12, 2023, Page 14-19).

4. The judge handles the father's concerns about the mother's influence on their son and the sharing of court proceedings with the child, which could be seen as minimizing the father's concerns and potentially advocating for the mother's narrative by not addressing the due process implications of such influence (Hearing September 12, 2023, Page 34).

Father's Br. at 3-4.

The allegation that the trial court shifted the burden of proof is waived because we have not located it in Father's Rule 1925(b) statement. A Rule 1925(b) statement "shall concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). At the same time, the statement "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). Father's Rule 1925(b) statement essentially amounts to an appellate brief, with sections labeled "General Errors Complained [sic]," "Statement of the Case," "Summary of Argument," and "Argument." It also includes what appear to be evidence. Some aspects of the brief-like sections of the statement seem to go beyond the scope of the issues set forth in the "General Errors Complained."

Although a statement may include citations to authorities and the record,[3] Father's approach resulted in a long, vague statement, and the lack of conciseness itself constitutes waiver. *See Commonwealth v. Scott*, 212 A.3d 1094, 1112 (Pa.Super. 2019). It furthermore has made it difficult to

_____

[3] *See* Pa.R.A.P. 1925(b)(4)(ii).

determine if the issues in his brief were in his Rule 1925(b) statement. We have searched his Rule 1925(b) statement and have found no contention that the trial court shifted the burden of proof.

Father did make assertions in the brief-like portions of his Rule 1925(b) statement that the trial court had improperly advocated for Mother. However, he waived that claim – as well as his burden-shifting claim – by not including any developed argument on it in his brief. *See Commonwealth v. Pollick*, --- A.3d ----, 2024 WL 1710193, at *2 (Pa.Super., filed Apr. 22, 2024). Instead, Father presents arguments challenging the portion of the order prohibiting him from using profanity in front of Child and claims the record is not complete, discovery should have been permitted, and the court reviewed a new claim at the hearing. These arguments are waived because they are not in the statement of questions involved. *See* Pa.R.A.P. 2116(a).

Moreover, even if Father had included these arguments in his statement of questions involved, they do not merit relief. Father did not challenge the prohibition on profanity in his Rule 1925(b) statement. It is therefore waived. *See* Pa.R.A.P. 1925(b)(4)(vii). Moreover, contrary to Father's claim, the court had an evidentiary basis for the provision – Mother's testimony.

Father next claims that the record is missing 46 documents. He requests an order to require the trial court to supplement the record with the documents. Father filed a motion for the trial court to file a supplemental certified record. The court granted the motion to the extent Father sought to include in the record exhibits Father submitted to the court before the deadline

for the submission of hearing exhibits. It denied it to the extent Father sought to introduce materials submitted after the deadline. This was not error, as the latter materials were not before the trial court when it made its decision.[4]

Father next claims the court erred regarding discovery. Pursuant to Pennsylvania Rule of Civil Procedure 1930.5, there "shall be no discovery in a simple . . . custody" proceeding "unless authorized by order of court." Pa.R.C.P. 1930.5(a); *see also* Pa.R.C.P. 1915.5(c) (governing custody actions and providing, "There shall be no discovery unless authorized by special order of court"). The court did not err when it granted the motion to quash Father's subpoenas or when it denied Father's request to continue the hearing so he could conduct discovery. Father did not file a motion to conduct discovery, and there was no order allowing discovery.

Father's argument that the court addressed a new claim at the hearing lacks merit. The hearing was scheduled to address Mother's October 2022 petition to modify the custody award. The hearing addressed whether custody should be modified. No new issues were raised.

Finally, Father filed a "Motion for Contempt, Violation of Custody Agreement, and Motion to Reconsider Custody Agreement and Terminate

---

[4] Father also claims the record is missing a transcript from an April 26, 2023 hearing. There was no hearing in this matter on that date. There was a hearing on April 20, 2023. But no transcript of this hearing was requested. Further, Father does not explain what occurred at this hearing that would impact the issues he argues on appeal.

Legal Rights of Melissa Prentice." We deny the motion without prejudice to seek relief from the trial court.

Order affirmed. Motion denied.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/7/2024